UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| RONALD BUZZARD, JR., | | |
| | Plaintiff, | No. C15-5874 RBL-KLS |
| v. | | **REPORT AND RECOMMENDATION** |
| ISRB/CCB, LYNN DELANO, TOM SAHLBERG, DENNIS THAUT, BETSY HOLLINGSWORTH, | | Noted for:  March 25, 2016 |
| | Defendants. | |

Plaintiff Ronald Buzzard, Jr., proceeding pro se and in forma pauperis, brings this 42 U.S.C. § 1983 action against the Indeterminate Sentence Review Board (Board) and current and prior members of the Board.  Mr. Buzzard, who is serving an indeterminate sentence in the custody of the Washington Department of Corrections (DOC) pursuant to a conviction by guilty plea for Rape of a Child in the First Degree, was reviewed for possible release three times and each time the Board denied release, stating that Mr. Buzzard should seek admission into the prison's sex offender treatment program (SOTP).  Although Mr. Buzzard pleaded guilty in the trial court, he is currently unwilling to admit to having committed a sex offense and as a result, he is not eligible to participate in the SOTP.

REPORT AND RECOMMENDATION - 1

On December 15, 2015, the Board reviewed Mr. Buzzard for possible release again and this time, found Mr. Buzzard releasable. Dkt. 37, p. 2. Mr. Buzzard indicated to the Board that he is willing to participate in community based treatment. The Board found him releasable and stated that Mr. Buzzard "will need to participate in community based sex offense specific treatment and is aware of the challenges of finding a provider that will work with an offender that denies their sex offense." *Id.,* at 5.

In this action, Mr. Buzzard alleges that the Board's previous denials of his release were in retaliation for appealing his conviction and exercising his First and Fifth Amendment rights against compelled self-incrimination. Dkt. 7. He alleges that the Board's release condition that he must participate in sex offender treatment, forces him to waive his First and Fifth Amendment rights to appeal, self-incrimination, and right to access the courts. Dkt. 37, at 1.

Defendants contend Mr. Buzzard's current claims are barred by the doctrine of res judicata; the Board members are entitled to absolute quasi-judicial immunity because they were acting in their judicial capacity in denying his release; and, the Board is not subject to liability under 42 U.S.C. § 1983. Defendants also move to stay discovery pending resolution of the motion to dismiss. That motion was granted under separate order.

Also before the Court is Mr. Buzzard's motion for preliminary injunction. For the reasons stated below, the undersigned recommends the motion to dismiss be granted and the motion for preliminary injunction denied as moot.

**STATEMENT OF FACTS**

Mr. Buzzard pleaded guilty to Rape of a Child in the First Degree and was sentenced to a maximum term of life and an original minimum term of 123 months. Dkt. 7 at 40; *Buzzard v.*

REPORT AND RECOMMENDATION - 2

*Glebe*, 2015 WL 3822245, at *1 (No. C13-2312-RSM) (W.D. Wash. June 19, 2015).[1] While he has been in prison, Mr. Buzzard has refused to participate in the prison's SOTP. Dkt. 7 at 55. Additionally, Mr. Buzzard refuses to admit he has committed a sex offense, which itself makes him ineligible to participate in the SOTP. *Id.* at 44.

After Mr. Buzzard completed his original minimum term, the Board reviewed him for possible release under RCW 9.95.420 in 2010, 2012 and 2014. *Id.*, at 50. After each of the three hearings, the Board denied release and added 24 months to Mr. Buzzard's minimum term. *Id.*, at 9, 32, 39. In each case, the Board's decision was based in large part on Mr. Buzzard not having completed sex offender treatment. *Id.*, at 9, 32, 36, 42.

In 2012, Mr. Buzzard filed a habeas corpus petition in which he argued the Board denied parole because he failed to participate in the SOTP, a program that Buzzard claimed impermissibly compelled him to waive his First and Fifth Amendment rights. *Buzzard v. Glebe*, 2012 WL 2903083, at *2 (No. C12-243-RAJ-BAT) (W.D. Wash.), report and recommendation adopted, 2012 WL 2891682 (2012). This Court denied the petition with prejudice, holding that the claim was a challenge to the merits of the Board's decision and was outside this Court's federal habeas corpus review powers. 2012 WL 2903083, at *2 (*citing Swarthout v. Cooke*, 562 U.S. 216, 220-222 (2011)). On October 1, 2012, the Ninth Circuit Court of Appeals denied Mr. Buzzard's request for a certificate of appealability. Dkt. 19 in C12-243.

In 2013, Mr. Buzzard filed another habeas corpus petition in which he asserted that the Board's refusal to grant him release absent an admission of guilt and completion of sex offender treatment violated his due process because it violated his privilege against compelled self-

---

[1] Defendants request that the Court take judicial notice of Mr. Buzzard's two prior habeas corpus petitions in this Court. A court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006).

REPORT AND RECOMMENDATION - 3

incrimination. *Buzzard v. Glebe*, 2015 WL 3822245, at *8-9 (No. C13-2312-RSM-MAT (W.D. Wash.). This Court dismissed the petition with prejudice, holding that his claim is frivolous because he pleaded guilty to the offense for which he is currently incarcerated and, thus, he has already admitted guilt. *Id*. ("he cites no authority to support the proposition that the privilege against self-incrimination may be validly asserted in the face of a presumptively valid guilty plea."). This Court also held that the Board did not violate Buzzard's right to due process at the release hearings. *Id*. at *7-9. On November 2, 2015, the Ninth Circuit Court of Appeals denied Mr. Buzzard's request for a certificate of appealability because he had not made a substantial showing of the denial of a constitutional right. Dkt 54 in C13-2312.

In each of his habeas cases, Mr. Buzzard named Pat Glebe as respondent as Mr. Glebe was he superintendent of the institution that housed Mr. Buzzard. He did not name the Board or its members in the prior cases.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a motion to dismiss for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Aguayo v. U.S. Bank*, 653 F. 3d 912, 917 (9th Cir. 2011). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1988).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding pro se, his allegations must be viewed

REPORT AND RECOMMENDATION - 4

under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

## DISCUSSION

Liberally construing all material allegations in Mr. Buzzard's § 1983 complaint and taking them as admitted, the Court concludes that there is no legal basis for Mr. Buzzard's claims against the Board or its members as parole board members are entitled to absolute immunity for parole board decisions and the Board is not a person for purposes of Section 1983. Therefore, this lawsuit must be dismissed. The Court need not address the third defense of res judicata raised by the defendants.

### A. Quasi-Judicial Immunity

The Ninth Circuit has held that parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing and deciding parole applications. *Sellars v. Case Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009) ("[P]arole board members are entitled to absolute immunity for parole board decisions."). Mr. Buzzard claims the individual members (as well as the Board as a whole) improperly denied release because he refused to admit guilt and enter into

REPORT AND RECOMMENDATION - 5

sex offender treatment.  However, the board members are immune from suit because they were acting in their judicial capacity in denying his release.  Therefore, Mr. Buzzard's claims against the parole board members should be dismissed.

**B.     Eleventh Amendment**

The Eleventh Amendment creates a jurisdictional bar to private actions against states in federal court.  *See Quern v. Jordan*, 440 U.S. 332, 338-40 (1979).  Because Mr. Buzzard seeks monetary damages against the Board, and the Board is an entity of the state, the Eleventh Amendment bars his suit against the Board and it should be dismissed.

**C.     Section 1983 Claims Against Board**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  Implicit in the second element is a third element of causation.  *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Mr. Buzzard names the Board as a defendant.  Dkt. 7 at 1.  Section 1983 creates a cause of action for a plaintiff whose constitutional rights have been violated by any "person" acting under color of law. 42 U.S.C. § 1983.  However, for the purposes of § 1983, a state is not a "person."  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Similarly, an agency that is an arm of the state is also not a "person" under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama*

REPORT AND RECOMMENDATION - 6

*v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment).  Therefore, the Board is not subject to suit under 42 U.S.C. § 1983 and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### D. Injunctive Relief

Before defendants filed their motion to dismiss, Mr. Buzzard filed a motion for temporary restraining order seeking an order enjoining the Board from denying his parole based on his refusal to participate in treatment.  Dkt. 16.  After defendants filed their motion to dismiss, the Board issued its latest ruling recommending Mr. Buzzard's release contingent on participation in treatment.  As previously noted, Mr. Buzzard's claims all rest on the underlying assertion that his constitutional rights are being violated because he is unwilling to admit guilt to become eligible and/or to participate in sex offender treatment.  This claim has been rejected as frivolous.

Injunctive relief is a drastic remedy that should only be granted sparingly.  *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Rizzo v. Goode*, 426 U.S. 362, 378-79 (1976).  To be entitled to a permanent injunction, the party seeking the injunction must actually succeed on the merits.  *See e.g., Valley View Health Care Inc. v. Chapman*, 992 F. Supp. 2d 1016, 1042 (E.D. Cal. 2014).  Additionally, an individual must show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

REPORT AND RECOMMENDATION - 7

Mr. Buzzard is not entitled to injunctive relief because, as discussed above, he has failed to state a viable claim under 42 U.S.C. § 1983.  Accordingly, his motion (Dkt. 16) should be denied.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' motion to dismiss (Dkt. 22) should be **GRANTED** and all claims against them **dismissed with prejudice.**  Plaintiff's motion for a temporary restraining order should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the Jackson for consideration on **March 25, 2016,** as noted in the caption.

**DATED** this  10th  day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8