UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD BUZZARD JR, | CASE NO. C15-5874BHS |
| Plaintiff, | ORDER |
| v. | |
| ISRB/CRC, LYNN DELANO, TOMSAHLBERG, DENNIS THAUT, BETSYHOLLINGSWORTH, | |
| Defendants. | |

THIS MATTER is before the Court on pro se Plaintiff Ronald Buzzard's "Motion for Waiver of Past Fees." Dkt. 58. Buzzard was incarcerated when he filed at least four pro se cases in this court, seeking and obtaining in each the right to proceed *in forma pauperis*. *See Buzzard v. Wash. Dep't of Corrections et al.*, 12-cv-5047BHS; *Buzzard et al. v. ISRB*, 14-cv-959RSL; *Buzzard v. ISRB/CCB et al.*, 15-cv-5874BHS; and *Buzzard v. State of Wash. et al.*, 20-cv-1559RAJ. Buzzard acknowledged and this Court ordered that, consistent with 28 U.S.C. § 1915(b), Buzzard would be required to re-pay the full filing fee over time, through deductions from his prison account. Dkt. 1 at 3; Dkt. 6 at 2.

Buzzard remains incarcerated. He claims that between Legal Financial Obligations, treatment costs, and the filing fees, the Department of Corrections takes "95% of his money." He also alleges he has outstanding consumer debt, supports his parents, and is indigent. He claims he will never be able pay off his filing fees and asks the Court to waive his remaining repayment obligations in each of these cases.

It is true that district courts routinely waive filing fees for indigent pro se plaintiffs by granting them in *forma pauperis* status under 28 U.SC. § 1915(a)(1), provided they state a plausible claim. Buzzard argues it does not make sense to force prisoners to pay the entire filing fee over time when they too are indigent (and have minimal opportunity to change that fact), and his position is not unreasonable. But Congress addressed this directly in 28 U.S.C. § 1915(b), which requires prisoners proceeding *in forma pauperis* to re-pay the filing fee from funds in their prison trust accounts. This requirement was part of the Prison Litigation Reform Act, which was designed to reduce prisoner litigation. *See also* 28 U.S.C. § 1915(g) (the "three strikes" provision).

Congress did not provide for a waiver of such filing fees.

Therefore, Buzzard's Motion for Waiver of Past Fees, Dkt. 58, is **DENIED**. The matter remains closed.

**IT IS SO ORDERED**

Dated this 7th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2